## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

SAMUEL WRIGHT,

      Plaintiff,

v.                                                                Civil Action No. **3:08CV243**

HELEN FAHEY,

      Defendant.

## REPORT AND RECOMMENDATION

Plaintiff, an inmate proceeding *pro se*, brings this 42 U.S.C. § 1983 action.  The matter is

before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.  Jurisdiction is

appropriate pursuant to 28 U.S.C. §§ 636(b) and 1343(a)(3).

### Preliminary Review

This Court must dismiss any action filed by a prisoner if the Court determines the action

(1) "is frivolous" or (2) "fails to state a claim on which relief may be granted."  28 U.S.C.

§ 1915(e)(2); *see* 28 U.S.C. § 1915A.  The first standard includes claims based upon "'an

indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly

baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*,

490 U.S. 319, 327 (1989)).  The second standard is the familiar standard for a motion to dismiss

under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint;

importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the

applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.

1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356

(1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. Nevertheless, the Court does not "'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.'" *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (*quoting Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him [or her] to relief." *Conley*, 355 U.S. at 45-46. In *Bell Atlantic Corp.*, the United States Supreme Court noted that the complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." 127 S. Ct. at 1964-65 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 1965 (citation omitted), to one that is "plausible on its face," *id.* at 1974, rather than "conceivable." *Id.* Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations and Claims

On October 14, 1983, a Virginia court sentenced Plaintiff to forty-six years in prison. On January 28, 1997, Plaintiff was released on parole from the above sentence.

On December 1, 1998, Plaintiff was arrested by the local police in Richmond, Virginia, on state criminal charges (hereinafter "the state criminal charges"). On December 2, 1998, a federal criminal complaint and arrest warrant were issued for Plaintiff. The federal arrest warrant was lodged as a detainer. On December 15, 1998, a federal grand jury indicted Plaintiff on various drug and weapon charges. On January 7, 1999, the state criminal charges were nolle prossed and Plaintiff was taken into federal custody on the federal indictment.

On January 28, 1999, the Virginia Parole Board (hereinafter the "VPB") issued a warrant for Plaintiff's arrest. Because Plaintiff was in federal custody, the probation violation warrant was lodged as a detainer. Thereafter, Plaintiff pled guilty to the federal charges. On October 6, 1999, this Court sentenced Plaintiff to 144 months of imprisonment.[1]

---

[1] Plaintiff's earlier submissions reflected that he is scheduled to be released from his federal sentence on May 5, 2009. Plaintiff's recent submissions, however, reflect that he is currently incarcerated in a jail in West Virginia.

3

In the present action, Plaintiff contests Virginia's ability to execute the parole violation

warrant upon the completion of his federal sentence.  Plaintiff argues that Virginia's "surrender

of primary jurisdiction to the federal government resulted in a waiver of the Commonwealth of

Virginia's authority to reacquire jurisdiction over the Plaintiff after his release from federal

custody." (Docket No. 2 at 6.)  Plaintiff vaguely suggests that he had a constitutional right to

have any possible state parole violation resolved prior to commencement of his federal sentence.

## Analysis

Plaintiff apparently "relies on the principle that when competing claims of jurisdiction

between sovereigns exist, the first court taking subject-matter jurisdiction must be permitted to

exhaust its remedy fully." *United States v. Jackson*, 327 F.3d 273, 302 (4th Cir. 2003) (*citing*

*Ponzi v. Fessenden*, 258 U.S. 254, 260 (1922)).  "[T]his is a principle to resolve disputes among

sovereigns, and [Plaintiff] has no standing to assert" it. *Id.*

> One accused of crime . . . may not complain if one
> sovereignty waives its strict right to exclusive custody of him for
> vindication of its laws in order that the other may also subject him
> to conviction of crime against it. Such a waiver is a matter that
> addresses itself solely to the discretion of the sovereignty making it
> and of its representatives with power to grant it.

*Id.* at 303 (*quoting Ponzi*, 258 U.S. at 260).  Virginia has asserted no such interest here.[2]

---

[2] Furthermore, although some courts have stated that "[t]he surrender [of a prisoner] to another state while the prisoner is serving a sentence is equivalent to a pardon," that jurisprudence is not applicable here because Plaintiff was not serving a sentence when brought into federal custody. *Thompson v. Bannan*, 298 F.2d 611, 615 (6th Cir. 1962); *see Mullins v. Parker*, No. 97-6110, 1998 WL 702358, at *1 (6th Cir. Sept. 25, 1998); *Himes v. Ohio Adult Parole Auth.*, 448 F.2d 410, 411-12 (6th Cir. 1971); *Bush v. Pa. Bd. of Prob. & Parole*, No. 3:CV-05-2424, 2006 WL 3325641, at *4 (M.D. Pa. Nov. 14, 2006).  Also if surrendered to state custody upon completion of his federal term of imprisonment, Plaintiff will answer for previously unresolved criminal process.

Nor do the present facts suggest a violation of Plaintiff's constitutional rights. *See Moody v. Daggett*, 429 U.S. 78 (1976). In *Moody*, the Supreme Court held that a federal parolee was not constitutionally entitled to a prompt revocation hearing where the revocation warrant was issued and lodged with the institution of his confinement as a detainer but was not executed. *Id.* at 89.[3] The Supreme Court explained that a parolee has no constitutional right to a revocation hearing until after he completes the service of the new sentence and is arrested on the parole violator warrant. *Id.* Because Plaintiff has failed to state a claim for a violation of his constitutional rights, it is RECOMMENDED that the action be DISMISSED.

Plaintiff is advised that he may file specific written objections to the Report and Recommendation within ten (10) days of the date of entry hereof. Such objections should be numbered and identify with specificity the legal or factual deficiencies of the Magistrate Judge's findings. Failure to timely file specific objections to the Report and Recommendation may result in the entry of an Order dismissing the complaint. *See* Fed. R. Civ. P. 72(b). It may also preclude further review or appeal from such judgment. *See Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

If Plaintiff wishes to file an amended complaint to correct the deficiencies described above, he must submit an amended complaint within ten (10) days of the date of entry hereof. *See Williams v. Wilkerson*, 90 F.R.D. 168 (E.D. Va. 1981). Such complaint must set forth legibly, in separately numbered paragraphs, a short statement of the facts giving rise to each claim against each defendant. Plaintiff must also state what civil rights he believes each

---

[3] "Placing a detainer against a parolee who has been arrested on an intervening charge does not constitute execution of the warrant." *Heath v. U.S. Parole Comm'n*, 788 F.2d 85, 91 (2d Cir. 1986) (citing cases).

5

claim against each defendant. Plaintiff must also state what civil rights he believes each defendant violated and explicitly state how said defendant's actions violated each constitutional right. Any amended complaint will supplant his current complaint and all prior submissions. The amended complaint must stand or fall of its own accord.

The Clerk is DIRECTED to send a copy of the Report and Recommendation to Plaintiff.

And it is so ORDERED.

_____/s/_____
M. Hannah Lauck
United States Magistrate Judge

Date: 12/17/08
Richmond, Virginia

6