

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SAMUEL WRIGHT,

     Plaintiff,

v.                                               Civil Action No. **3:08CV243**

HELEN FAHEY,

     Defendant.

### MEMORANDUM OPINION

Plaintiff, a Virginia inmate, brings this 42 U.S.C. § 1983 action. The matter is before the

Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Jurisdiction is appropriate

pursuant to 28 U.S.C. § 1343(a)(3).

### I. PROCEDURAL HISTORY

The Magistrate Judge made the following findings and recommendations:

#### Preliminary Review

This Court must dismiss any action filed by a prisoner if the Court
determines the action (1) "is frivolous" or (2) "fails to state a claim on which
relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first
standard includes claims based upon "'an indisputably meritless legal theory,'" or
claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F.
Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327
(1989)). The second standard is the familiar standard for a motion to dismiss
under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a
complaint; importantly, it does not resolve contests surrounding the facts, the
merits of a claim, or the applicability of defenses." *Republican Party of N.C. v.
Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur
R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a
motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations
are taken as true and the complaint is viewed in the light most favorable to the
plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see
also Martin*, 980 F.2d at 952. Nevertheless, the Court does not "'accept as true
allegations that contradict matters properly subject to judicial notice or by

exhibit.'" *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002) (*quoting Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him [or her] to relief." *Conley,* 355 U.S. at 45-46. In *Bell Atlantic Corp.*, the United States Supreme Court noted that the complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." 127 S. Ct. at 1964-65 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 1965 (citation omitted), to one that is "plausible on its face," *id.* at 1974, rather than "conceivable." *Id.* Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### Summary of Allegations and Claims

On October 14, 1983, a Virginia court sentenced Plaintiff to forty-six years in prison. On January 28, 1997, Plaintiff was released on parole from the above sentence.

On December 1, 1998, Plaintiff was arrested by the local police in Richmond, Virginia, on state criminal charges (hereinafter "the state criminal charges"). On December 2, 1998, a federal criminal complaint and arrest warrant were issued for Plaintiff. The federal arrest warrant was lodged as a detainer. On December 15, 1998, a federal grand jury indicted Plaintiff on various drug and weapon charges. On January 7, 1999, the state criminal charges were nolle prossed and Plaintiff was taken into federal custody on the federal indictment.

On January 28, 1999, the Virginia Parole Board (hereinafter the "VPB") issued a warrant for Plaintiff's arrest. Because Plaintiff was in federal custody, the probation violation warrant was lodged as a detainer. Thereafter, Plaintiff

pled guilty to the federal charges. On October 6, 1999, this Court sentenced Plaintiff to 144 months of imprisonment.[1]

In the present action, Plaintiff contests Virginia's ability to execute the parole violation warrant upon the completion of his federal sentence. Plaintiff argues that Virginia's "surrender of primary jurisdiction to the federal government resulted in a waiver of the Commonwealth of Virginia's authority to reacquire jurisdiction over the Plaintiff after his release from federal custody." (Docket No. 2 at 6.) Plaintiff vaguely suggests that he had a constitutional right to have any possible state parole violation resolved prior to commencement of his federal sentence.

### Analysis

Plaintiff apparently "relies on the principle that when competing claims of jurisdiction between sovereigns exist, the first court taking subject-matter jurisdiction must be permitted to exhaust its remedy fully." *United States v. Jackson*, 327 F.3d 273, 302 (4th Cir. 2003) (*citing Ponzi v. Fessenden*, 258 U.S. 254, 260 (1922)). "[T]his is a principle to resolve disputes among sovereigns, and [Plaintiff] has no standing to assert" it. *Id.*

> One accused of crime . . . may not complain if one sovereignty waives its strict right to exclusive custody of him for vindication of its laws in order that the other may also subject him to conviction of crime against it. Such a waiver is a matter that addresses itself solely to the discretion of the sovereignty making it and of its representatives with power to grant it.

*Id.* at 303 (*quoting Ponzi*, 258 U.S. at 260). Virginia has asserted no such interest here.[2]

Nor do the present facts suggest a violation of Plaintiff's constitutional rights. *See Moody v. Daggett*, 429 U.S. 78 (1976). In *Moody*, the Supreme Court held that a federal parolee was not constitutionally entitled to a prompt revocation hearing where the revocation warrant was issued and lodged with the institution of

---

[1] Plaintiff's earlier submissions reflected that he is scheduled to be released from his federal sentence on May 5, 2009. Plaintiff's recent submissions, however, reflect that he is currently incarcerated in a jail in West Virginia.

[2] Furthermore, although some courts have stated that "[t]he surrender [of a prisoner] to another state while the prisoner is serving a sentence is equivalent to a pardon," that jurisprudence is not applicable here because Plaintiff was not serving a sentence when brought into federal custody. *Thompson v. Bannan*, 298 F.2d 611, 615 (6th Cir. 1962); *see Mullins v. Parker*, No. 97-6110, 1998 WL 702358, at *1 (6th Cir. Sept. 25, 1998); *Himes v. Ohio Adult Parole Auth.*, 448 F.2d 410, 411-12 (6th Cir. 1971); *Bush v. Pa. Bd. of Prob. & Parole*, No. 3:CV-05-2424, 2006 WL 3325641, at *4 (M.D. Pa. Nov. 14, 2006). Also if surrendered to state custody upon completion of his federal term of imprisonment, Plaintiff will answer for previously unresolved criminal process.

his confinement as a detainer but was not executed. *Id.* at 89.[3]  The Supreme
Court explained that a parolee has no constitutional right to a revocation hearing
until after he completes the service of the new sentence and is arrested on the
parole violator warrant. *Id.*  Because Plaintiff has failed to state a claim for a
violation of his constitutional rights, it is RECOMMENDED that the action be
DISMISSED.

(Dec. 17, 2008 Report and Recommendation.)  The Court advised Plaintiff that he could file

objections or an amended complaint within ten (10) days of the date of entry thereof.  Plaintiff

filed objections and an amended complaint.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court.  The recommendation has no

presumptive weight, and the responsibility to make a final determination remains with this

court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (*citing Mathews v. Weber*,

423 U.S. 261, 270-71 (1976)).  This Court "shall make a de novo determination of those portions

of the report or specified proposed findings or recommendations to which objection is made." 28

U.S.C. § 636(b)(1).  "The filing of objections to a magistrate's report enables the district judge to

focus attention on those issues-factual and legal-that are at the heart of the parties' dispute."

*Thomas v. Arn*, 474 U.S. 140, 147 (1985).  In the absence of a specific written objection, this

Court may adopt a magistrate judge's recommendation without conducting a *de novo* review.

*See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005), *cert.*

*denied*, 546 U.S. 1091 (2006).

---

[3] "Placing a detainer against a parolee who has been arrested on an intervening charge does
not constitute execution of the warrant." *Heath v. U.S. Parole Comm'n,* 788 F.2d 85, 91 (2d Cir.
1986) (citing cases).

## III.  PLAINTIFF'S RESPONSE TO THE REPORT AND RECOMMENDATION

In his amended complaint, Plaintiff merely revises the assertions from his original

complaint.  Plaintiff argues that the Commonwealth of Virginia waived its authority to reacquire

jurisdiction over him after his release from federal custody and that his federal term of supervised

release must commence immediately upon the completion of his federal term of imprisonment.

In his objections to the Report and Recommendation, Plaintiff contends that he:

> is not complaining about whether the Commonwealth of Virginia
> had the right to waive its strict right to exclusive custody of him in
> lieu of federal prosecution.  The plaintiff in this case is asking this
> Court instead to determine whether the Commonwealth of Virginia
> Parole Board has the authority to reacquire the right of custody and
> jurisdiction over him after waiving exclusive primary custody in
> lieu of federal prosecution.

(Pl.'s Resp. To Report & Recommendation.)

The Magistrate Judge's legal analysis applies with equal force to Plaintiff's amended

complaint.  As noted by the Magistrate Judge, Plaintiff lacks standing to complain about the

order in which the Virginia and the federal government punish him for violating their laws.  *See*

*United States v. Jackson*, 327 F.3d 273, 302 (4th Cir. 2003) (*citing Ponzi v. Fessenden*, 258 U.S.

254, 260 (1922)); *see also Delong v. United States*, 474 F.2d 719, 720 (5th Cir. 1973).

Moreover, because the federal government released Plaintiff from custody, the Commonwealth

of Virginia is free to execute it's parole violator warrant and reimprison Plaintiff prior to the

commencement of his federal term of supervised release.  *See Krupnick v. United States*, 286

F.2d 45, 46 (8th Cir. 1961); *Strand v. Schmittroth*, 251 F.2d 590, 599, 609-11 (9th Cir. 1957).

Plaintiff's objections will be OVERRULED.  The Report and Recommendation will

5

be ACCEPTED AND ADOPTED, and the action will be DISMISSED.  The Clerk will be

DIRECTED to note the disposition of the action for purposes 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

Date: /– 28–09
Richmond, Virginia

/s/
James R. Spencer
Chief United States **District Judge**

6